**No. 61156.**—F. W. Woolworth Company *v.* United States, protests 144817–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of miniature metal figures, such as dogs, horses, and other animals, carts, wheelbarrows, and men, women, and boys, shown as handling different tools and objects and engaged in different enterprises, the same in all material respects as the merchandise the subject of *United States* v. *F. W. Woolworth Co.* (28 C. C. P. A. 196, C. A. D. 145) and that the items in question are composed in chief value of lead, not plated with platinum, gold, or silver, nor colored with gold lacquer. On the agreed facts and following the cited decision, the articles in question were held properly classified under the provision in paragraph 397, as modified, for articles, not specially provided for, composed in chief value of lead, not plated with platinum, gold, or silver, or colored with gold lacquer, dutiable as follows: (1) Those entered, or withdrawn from warehouse for consumption, prior to January 1, 1948, at 3 cents per pound, but not less than 22½ percent nor more than 45 percent ad valorem, under paragraph 397, as modified by T. D. 49753; (2) those entered, or withdrawn from warehouse for consumption, between January 1, 1948, and June 6, 1951, at 2 cents per pound, but not less than 15 percent nor more than 45 percent ad valorem, under said paragraph, as modified by T. D. 51802; and (3) those entered, or withdrawn from warehouse for consumption, subsequent to June 6, 1951, at 2 cents per pound, but not less than 15

percent nor more than 30 percent ad valorem, under said paragraph, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52820).